# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

SILVIA PATRICIA HERNANDEZ-SANCHEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 080 737

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Silvia Patricia Hernandez-Sanchez, a native and citizen of El Salvador, was ordered removed in absentia after failing to appear at her removal hearing. Hernandez-Sanchez petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) order reinstating her prior decision denying Hernandez-Sanchez's motion to reopen the in absentia removal proceedings. As Hernandez-Sanchez's claim that she did not receive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60392

notice of the removal hearing was not presented to the IJ or to the BIA, we lack jurisdiction to consider that unexhausted claim. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19, 324-25 (5th Cir. 2009). Moreover, because Hernandez-Sanchez fails to address the BIA's finding that her motion to reopen was untimely, and, alternatively, that she failed to show exceptional circumstances warranting reopening, any challenge to those bases for the BIA's decision has been abandoned. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Finally, after the IJ issued the original order denying Hernandez-Sanchez's motion to reopen, it inadvertently issued a notice of a master hearing and then granted Hernandez-Sanchez's motion to transfer venue to the San Francisco immigration court. Hernandez-Sanchez argues that the San Francisco immigration court abused its authority in transferring, sua sponte, venue back to the San Antonio immigration court. The San Francisco immigration court did not, however, transfer venue back to the San Antonio immigration court. Rather, it determined that it lacked jurisdiction over the proceedings because Hernandez-Sanchez was subject to a final order of removal entered by the San Antonio immigration court. It then returned the record to the San Antonio immigration court. Notably, as Hernandez-Sanchez makes only a conclusory statement that the BIA erred in determining that venue was proper in San Antonio and does not provide any argument challenging the BIA's reasons for determining that it was within the San Antonio immigration court's authority to vacate its order transferring venue to San Francisco, any challenge to that basis for the BIA's decision has also been abandoned. *See Scroggins*, 599 F.3d at 446-47; *Soadjede*, 324 F.3d at 833.

2

No. 17-60392

Accordingly, the BIA did not abuse its discretion in upholding the IJ's order reinstating the denial of Hernandez-Sanchez's motion to reopen removal proceedings. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). The petition for review is DENIED.